(No. 76-CC-0349–)

Paul Poulos, Claimant, v. The State of Illinois, Respondent.

*Opinion filed January 21, 1980.*

Thaddeus H. Speiser, for Claimant.

William J. Scott, Attorney General (James O. Stola, of counsel), for Respondent.

Per Curiam.

This is an action sounding in tort brought by the owner of a building to recover damages for damage caused to the sewer system attached to Claimant's building, allegedly caused by the negligence of Respondent when it widened the street in front of the building.

During November of 1973, the street in front of 4746-50 W. Peterson, Chicago, Illinois, was widened by Respondent and extensive sewer work was done in connection with the street widening. Pneumatic hammers and other heavy equipment were used. Claimant avers that he had no trouble with the plumbing in his building until the work was done, at which time the tenants complained of a strong sewer gas odor.

Claimant engaged the services of Clarence Persino, a sewer contractor, to solve the problem. The plumbing was rodded out and stores were broken open, but nothing was found which would have caused the odor. Claimant then called the City of Chicago. William Hackett, Mason Inspector for the Bureau of Sewers, recommended another contractor, Folan's C. Sewerage.

Folan broke a hole in the street and found a pipe

that appeared to have been shattered. Mr. Hackett went into the excavation and found that the pipe was separated from its joint by about one inch. He also saw a slight crack in the pipe. He could not, however, see into the pipe or under it. Because of the kind of pipe used, it had to be broken in order to remove it. Mr. Hackett had no way of knowing how long the pipe had been in the ground.

Under cross examination, Mr. Hackett testified that a separation of a pipe such as occurred here can be caused by the settling of buildings in the vicinity. He also testified that this pipe was not exposed when the work was done on the street and that the heavy machinery used would put no greater weight on the street than normal traffic.

In view of the inconclusive nature of the evidence as to the cause of the damage to the pipe, this Court is of the opinion that Claimant has failed to prove by a preponderance of the evidence that respondent was guilty of negligence.

There is another, more compelling reason why Mr. Poulos' claim must be denied. Clarence Persino testified that the actual charges for his services was $275. At the direction of the Claimant, he submitted a bill for $550.00. He further testified that Claimant drove him to his bank where Claimant gave him a check for $550.00. The check was cashed and they "split it 50/50." Claimant denies that any of these events took place.

Section 14 of the Court of Claims Act (Ill. Rev. Stat. 1975, ch. 37, par. 439.14) is controlling. It provides:

Whenever any fraud against the State of Illinois is practiced or attempted by any Claimant in the proof, statement, establishment, or allowance of any claim or of any part of any claim, the claim or part thereof, shall be forever barred from prosecution in the Court.

Wherefore Mr. Poulos' claim must be denied.